UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| GEORGE E. WILLIAMS, DAWN WILLIAMS, MARK A. SIMPSON, AND CINDY SIMPSON,<br>        Plaintiffs,<br><br>  vs.<br><br>CSX TRANSPORTATION, INC., YELLOW CHECKER LIVERY, LTD., a corporation d/b/a YELLOW CHECKER CAB CO., AND JOHNATHAN C. WILLIAMS,<br>        Defendants.<br><br>CSX TRANSPORTATION, INC.<br>        Cross-Claimant,<br><br>  vs.<br><br>YELLOW CHECKER LIVERY, LTD., a corporation d/b/a YELLOW CHECKER CAB CO.,<br>        Cross-Claim Defendant.<br><br>CSX TRANSPORTATION, INC.<br>        Third Party Plaintiff,<br>  vs.<br><br>PROFESSIONAL TRANSPORTATION, INC.<br>        Third Party Defendant. | 3:04-cv-0147 RLY-WGH,<br>consolidated |

**ENTRY ON CSXT'S MOTION FOR SUMMARY JUDGMENT AND ON CSXT'S MOTION TO STRIKE MATERIALS SUBMITTED BY PTI IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Plaintiffs George E. Williams and Mark A. Simpson (collectively, "Plaintiffs") were injured in a car accident on southbound US Highway 41 in Knox County, Indiana, on December 14, 2003.  Plaintiffs were employees of Defendant CSX Transportation, Inc. ("CSXT"), and they were traveling from Danville, Illinois to Evansville, Indiana.  CSXT had a contract with Professional Transportation, Inc. ("PTI") to provide transportation services to CSXT personnel.  On December 14, 2003, PTI hired Defendant Yellow Checker Livery, Ltd. ("Yellow Checker") to transport Plaintiffs.  Defendant Johnathan C. Williams ("Williams"), an employee of Yellow Checker, was driving the car at the time of the accident.  Plaintiffs filed suit against CSXT, Yellow Checker, and Williams (collectively, "Defendants") in August 2004.  George E. Williams and Mark A. Simpson initially filed separate suits, which have been consolidated.  Since then, CSXT has filed a cross-claim against Yellow Checker, and CSXT has filed a third party complaint against PTI.

This matter is before the court on CSXT's Motion for Summary Judgment against PTI and on CSXT's Motion to Strike Materials Submitted by PTI in Opposition to Motion for Summary Judgment.  For the following reasons, CSXT's Motion to Strike is **granted**, and CSXT's Motion for Summary Judgment is **granted**.

**I.      The Motion to Strike**

In support of its argument against summary judgment, PTI cites to (1) paragraphs 4, 5, and 6 of the affidavit of Bob Tevault, PTI's vice-president ("the Tevault affidavit"), (2) Exhibit 1 attached to Tevault's affidavit, and (3) PTI's answers to CSXT's interrogatories.  According to CSXT, the Tevault affidavit and its exhibit relate to negotiations about and drafts of the CSX Transportation System Agreement (hereinafter "Transportation Agreement") that CSXT and PTI eventually entered into.  Ex. A.  CSXT argues that the Tevault affidavit and the draft contract are inadmissible based on the parol evidence rule and the doctrine of merger.  Further, CSXT argues that PTI's answers to CSXT's interrogatories are inadmissible because they are hearsay.  Pursuant to the terms of the Transportation Agreement, Florida law applies to this dispute.  Third-Party Complaint at ¶ 13; Ex. A at ¶ 21.

Under Florida law, the parol evidence rule allows for the admission of extrinsic evidence – such as the Tevault affidavit or CSXT's interrogatory answers – to resolve ambiguities in contracts.  Such evidence is not admissible if it is contrary to the explicit language of the contract, i.e., it is only admissible for the sake of resolving uncertainties. *United States v. South Atlantic Production Credit Ass'n*, 606 So. 2d 691, 695 (Fla. Ct. App. 1992).

In paragraphs 4, 5, and 6 of the Tevault affidavit, Bob Tevault says that PTI did not intend and would not agree to indemnify CSXT for the acts of third party contractors. PTI also cites to Exhibit 1 of the Tevault affidavit, which is a copy of a draft of the

Transportation Agreement. PTI claims that changes between the draft and the finalized Transportation Agreement reveal that PTI was unwilling to enter into an agreement that would require PTI to indemnify CSXT against third parties, such as Yellow Checker. Finally, in its answers to CSXT's interrogatories, specifically its answer to interrogatory number ten, PTI reiterates its interpretation of the Transportation Agreement.

The court finds that the language of the Transportation Agreement is not facially ambiguous. As such, the extrinsic evidence offered by PTI in support of its interpretation of the Transportation Agreement is inadmissible. *Lemon v. Aspen Emerald Lakes Associates, Ltd.,* 446 So.2d 177, 180 (Fla. Ct. App. 1984) ("parol evidence is inadmissible to contradict, vary, defeat or modify a complete and unambiguous instrument, or to change, add to or subtract from such instrument, or affect its construction . . ."). Accordingly, CSXT's Motion to Strike must be granted.

**II.     The Motion for Summary Judgment**

**A.      Background**

In the case at bar, CSXT claims that PTI is contractually obligated to indemnify CSXT for the actions of Yellow Checker. The primary contract provision in question states, in relevant part:

> 10. LIABILITY INDEMNITY
> (A) Contractor expressly assumes all risk of damage to property or injury to or death of any person whosoever, including, but not limited to, employees of Railroad and Contractor, arising out of or in connection with Contractor's (or its employees') negligent performance of Transportation Services, including that which may also be due to Railroad's (or its employees') negligence or Contractor's (or its employees') wrongful

> conduct.
> (B) Contractor agrees to defend, indemnify and save Railroad and its affiliates identified in Section 10 (G) below, harmless from any and all damages, liabilities, claims, awards (including compensatory and punitive damages), charges, settlements (when approved by Contractor, which approval shall not be unreasonably withheld), reasonable attorneys' fees and/or costs and expenses associated with any property damage, environmental liability or claim, discrimination or harassment liability or claim, or injury to or death of any person, or any other type of liability or claim, including that which may also be due to Railroad's negligence (except where Railroad's negligence is the sole proximate cause of the incident(s) or claim(s) in question), arising out of or in any way associated with Contractor's (or its employees'): (i) negligent performance of Transportation Services; (ii) intentional tortious conduct; or (iii) violation of any federal, state, or local law, statute, ordinance, regulation, rule, or similar requirement.
> (C) In the event a claim or lawsuit is filed against Railroad, Railroad's affiliate(s) identified in Section 10 (G) below, or Contractor in connection with the Transportation Services provided under this Agreement, Contractor at its sole cost and expense shall investigate and respond to the claim or lawsuit or defend the claim or lawsuit as indicated above . . . .

Ex. A at ¶ 10 (A), (B), (C). Additionally, the contract includes an integration provision, (Ex. A at ¶ 21 (G)), and a provision stating that "[i]t is expressly understood that on occasion the Contractor [PTI] may utilize reputable third party transportation services ("Independent Providers") in the performance of this agreement." Ex. A at ¶ 9 (A).

**B.      Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "only

when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party. *National Soffit & Escutcheons, Inc. v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *National Soffit & Escutcheons, Inc.*, 98 F.3d at 265.

**C.     Analysis**

In its Motion for Summary Judgment, CSXT argues that PTI's duty to indemnify and defend CSXT is nondelegable. Therefore, despite the fact that PTI delegated the responsibility for transporting Plaintiffs to Yellow Checker, PTI is still obligated to indemnify and defend CSXT for damages allegedly arising out of the December 14, 2003 accident. *See* CSXT's Reply Brief in Support of Summary Judgment Against PTI at 2.

The category of nondelegable duties are an exception to Florida's general rule that employers are not liable for the negligence of independent contractors. *Gordon v. Sanders*, 692 So. 2d 939, 941 (Fla. Ct. App. 1997). Under Florida law, an employer *is liable* for the negligence of independent contractors when that "employer operates under a contract which creates nondelegable duties." *Id.* (quoting *City of Coral Gables v.*

*Prats*, 502 So.2d 969, 971 (Fla. Ct. App.), *rev. denied*, 511 So.2d 297 (Fla. 1987)). "What is actually meant [by the term 'nondelegable duty'] is that although the duty to perform may be delegated to an independent contractor, the liability for misfeasance cannot be avoided by the person who obligated himself originally to perform the contract." *Atchley v. First Union Bank of Florida*, 576 So.2d 340, 343-44 (Fla. Ct. App. 1991) (citing *Atlantic Coast Dev. Corp. v. Napoleon Steel Contractors*, 385 So.2d 676 (Fla. Ct. App. 1980).

In the case at bar, the Transportation Agreement explicitly allows for the delegation of transportation tasks to third parties: "[i]t is expressly understood that on occasion the Contractor [PTI] may utilize reputable third party transportation services ("Independent Providers") in the performance of this agreement." Ex. A at ¶ 9 (A). However, the Transportation Agreement does not allow for the delegation of PTI's indemnification duties. The responsibility for indemnifying against a breach of the duties that arise under the contract is a nondelegable responsibility that lies with PTI, even when a transportation task is being carried out by a third party. This is because PTI specifically undertook, pursuant to contract, to provide CSXT with indemnification and defense. *See Atchley*, 576 So. 2d at 343 ("The general rule that a employer is not liable for the torts of an independent contractor hired by him to do specific work, is subject to many exceptions. One, which applies here, is when the employer specifically undertakes, pursuant to a contract, to do something for another."); Ex. A ¶ 10.

Because PTI is bound by a contract that creates nondelegable duties, the general

7

rule of an employer's non-liability for the actions of independent contractors is inapplicable here. As such, CSXT's Motion for Summary Judgment must be granted. PTI is obligated to indemnify CSXT.

### IV. Conclusion

For the foregoing reasons and upon review of the record, the court finds that PTI is obligated to indemnify and defend CSXT for the damages that allegedly arose out of the December 14, 2003 accident. CSXT's Motion to Strike Materials Submitted by PTI in Opposition to Motion for Summary Judgment is hereby **granted** and CSXT's Motion for Summary Judgment against PTI is hereby **granted.**

It is **so ordered** this 20th day of June 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copy to:

Vincent B. Browne
HARRINGTON, THOMPSON, ACKER & HARRINGTON
310 S. Michigan Avenue
Suite 2000
Chicago, IL 60604

Electronic copies to:

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com

Danny E. Glass
FINE & HATFIELD
deg@fine-hatfield.com

Patrick J. Harrington
HARRINGTON, THOMPSON, ACKER & HARRINGTON
htah@harringtonlaw.com

Robert E. Harrington Jr
HARRINGTON THOMPSON ACKER AND HARRINGTON
htah@harringtonlaw.com

John J. Kreighbaum
FINE & HATFIELD
jjk@fine-hatfield.com

David Andrew Starkweather
STUART & BRANIGIN LLP
das@stuartlaw.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com